UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOHN SULLIVAN, individually and
as a parent and natural guardian of
Patrick Sullivan, a minor,

        Plaintiff,

-against-

NORTH BABYLON UNION FREE
SCHOOL DISTRICT, YVETTE GUZMAN,
BARBARA BROWN, MICHAEL
VERGANO and JACK CATTONE

        Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 0 6 2010 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

08-CV-672 (CBA) (JO)

Amon, United States District Judge:

    Defendants have brought a motion in limine seeking, inter alia, to preclude plaintiff from offering into evidence at trial testimony of any disciplinary measures taken after the discovery of the knife in the search of Patrick Sullivan. The motion is granted. Plaintiff alleges that such evidence is relevant to damages. However, plaintiff is not entitled to recover on his Fourth Amendment claim any damages that flowed from the alleged wrongful suspension nor from any disciplinary actions occurring after the search and suspension.

    The Second Circuit case law is clear and controlling:

> [C]onstitutional tort liability under [42 U.S.C.] § 1983 is limited to the kind of injury that the constitutional right at issue was designed to prevent. Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution.

Townes v. The City of New York, 176 F.3d 138, 148 (2d Cir. 1999) (internal quotation marks and citations omitted). Plaintiff has brought a 42 U.S.C. § 1983 claim against defendants,

alleging that defendants violated Patrick's Fourth Amendment rights by conducting an unreasonable search. If the jury should find that the search of Patrick was unreasonable, the damages award is limited to the invasion of Patrick's privacy caused by the search. Plaintiff is not entitled to recover damages for injuries stemming from the discovery of the knife.

SO ORDERED.

Dated: Brooklyn, New York
April 30, 2010

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge